UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Dennis E. Hecker,                                             Bankr. No. 09-50779

                       Debtor.

Dennis E. Hecker,                                              Civ. No. 09-3054 (PAM)

                       Appellant,

v.                                                               **MEMORANDUM AND ORDER**

Chrysler Financial Services
Americas, LLC,

                       Appellee.

This matter is before the Court on an appeal from an Order of United States Bankruptcy Judge Robert J. Kressel, sustaining Appellee's objection to Appellant's claimed homestead exemption. For the reasons that follow, that Order is affirmed.

**BACKGROUND**

Debtor/Appellant Dennis E. Hecker filed for voluntary bankruptcy protection on June 4, 2009. In this filing, he listed as his homestead a house and land located at 11700 Cross Avenue in Crosslake, Minnesota. Under Minnesota law, a debtor's homestead is classified as exempt property and may not be seized or sold to pay the debtor's debts. Minn. Stat. § 510.01. Because the property at 11700 Cross Avenue was owned by a limited-liability corporation ("LLC"), Jacob Holdings of Cross Lake LLC ("JHCL"), and not by Hecker himself, Appellee Chrysler Financial Services Americas, LLC ("Chrysler Financial")

objected to the homestead exemption. Hecker asked the Bankruptcy Court to use an equitable doctrine called "reverse piercing" the corporate veil to find that JHCL was an alter ego of Hecker so that Hecker could claim the homestead exemption on 11700 Cross Avenue.

To complicate matters, Hecker does not actually own JHCL. Rather, JHCL is wholly owned by another LLC, Jacob Properties of Minnesota LLC ("JPMN"). In turn, JPMN's ownership structure is as follows: Hecker owns 91%, Rosedale Dodge, Inc., owns 5%, and four different trusts set up for Hecker's four children own 1% apiece. Rosedale Dodge, Inc., is wholly owned by Hecker. Hecker conceded that he set up the various LLCs to keep property out of the name of his wife. JHCL owns five different properties and JPMN owns more than 50 properties. Hecker did not pay rent to JHCL for the use of 11700 Cross Avenue, and Hecker himself paid the mortgage and taxes on the property and paid for improvements. These expenditures were booked as advances to JHCL on JHCL's corporate books. Finally, Hecker did not reside at 11700 Cross Avenue until shortly before he filed his bankruptcy petition and the tax status of the property is seasonal recreational residential, not homestead.

Chrysler Financial is a creditor of both Hecker and Rosedale Dodge, Inc. Hecker personally guaranteed the loans Chrysler made to his various automobile dealerships, including Rosedale Dodge, Inc. Hecker owes Chrysler Financial more than $360 million; the total amount of his debt is more than $750 million. He claims to have a net worth of less than $19 million, including the 11700 Cross Avenue property, which is valued at between $3 million and $9 million.

In his response to Chrysler Financial's objections, Hecker asked the Bankruptcy Court to disregard the corporate formalities of JHCL and JPMN and "reverse pierce" the corporate veil to deem Hecker the owner of 11700 Cross Avenue. (Sept. 25, 2009, Order at 5.) The Bankruptcy Court concluded that Hecker had failed to establish that either JHCL or JPMN were Hecker's alter egos such that the corporate veil should be pierced. (Id. at 8.) In addition, the Bankruptcy Court found that both Hecker's creditors and JPMN's shareholders would be harmed by the reverse piercing Hecker requested, and that the equities of the case did not support the relief Hecker sought. (Id. at 9-11.) Hecker appeals, challenging all of the rulings the Bankruptcy Court made. He concedes that, if the corporate veil is not pierced, he cannot claim the homestead exemption for 11700 Cross Avenue.

**DISCUSSION**

**A.      Standard of Review**

This Court has jurisdiction over final orders entered by the Bankruptcy Court. 28 U.S.C. § 158(a)(1). On appeal from a bankruptcy court proceeding, this Court reviews that court's legal conclusions de novo and its factual findings under a clearly erroneous standard. In re Racing Servs., Inc., 540 F.3d 892, 897-98 (8th Cir. 2008).

Hecker contends that this Court must review the Bankruptcy Court's veil-piercing determination de novo, pointing out that "[w]hether to pierce a corporate veil is a legal determination . . . ." Stoebner v. Lingenfelter, 115 F.3d 576, 579 (8th Cir. 1997). Chrysler Financial argues that Hecker's appeal really takes issue with the Bankruptcy Court's factual determinations, which are reviewed only for clear error. Moreover, Chrysler Financial notes

that, in Minnesota, veil-piercing is an equitable remedy, subject to deferential review. See id. at 579 ("[T]he second prong [of the veil-piercing analysis] raises equitable considerations."); see also In re Oxford Dev., Ltd., 67 F.3d 683, 685 (8th Cir. 1995) ("[W]e review the bankruptcy court's equitable determinations for abuse of discretion.").

In this case, the standard of review is not dispositive. Even under a more stringent de novo standard of review, the Bankruptcy Court's determinations are correct.

**B.     Piercing the Corporate Veil**

To pierce the corporate veil under Minnesota law, the Court must determine first, "whether the corporation functioned as the mere instrumentality" of Hecker, and second, "whether injustice or fundamental unfairness would occur if the corporate veil were left intact." Stoebner, 115 F.3d at 579. The second question is the more important, because "[i]n order to justify piercing the corporate veil the court must find 'an element of injustice or fundamental unfairness.'" Miller & Schroeder, Inc. v. Gearman, 413 N.W.2d 194, 196 (Minn. Ct. App. 1987). Thus, the Court must find "that it was unfair or unjust not to pierce the corporate veil in order to provide [Hecker] with the protection of the [homestead exemption] statute." Id. at 196-97. Minnesota courts have cautioned that a reverse-piercing such as that Hecker urges here "should be permitted in only the most carefully limited circumstances." Cargill Inc. v. Hedge, 375 N.W.2d 477, 480 (Minn. 1985).

There are two corporations at issue in this case: JPMN and JHCL. Thus, Hecker must establish the requisite instrumentality relationship as to both corporations. There is little dispute that JHCL was a mere instrumentality of Hecker. However, he has not established

that JPMN was his alter ego. Although he owned the vast majority of JPMN's shares, he did not own the entire entity. Moreover, there is no evidence that Hecker used JPMN as his instrumentality. Rather, he used JPMN as an investment vehicle, to purchase investment properties and to hold those properties in an entity with a favorable tax treatment and no personal legal liability. The absence of any argument on Hecker's part that JPMN was his alter ego is telling, and leads to the inescapable conclusion that JPMN was not a "mere instrumentality" of Hecker. Piercing the corporate veil is thus inappropriate on this basis alone.

Even if JPMN was Hecker's alter ego, however, the equities of the situation do not weigh in favor of piercing either JHCL's or JPMN's corporate veil to allow Hecker to claim the homestead exemption. As the Bankruptcy Court found, creditors will be harmed by the piercing Hecker seeks. Hecker contends that the only harm to creditors is harm caused by the homestead exemption itself. He argues that Chrysler Financial could have protected itself by taking a mortgage on 11700 Cross Avenue. However, at the time Chrysler Financial lent Hecker money, 11700 Cross Avenue was not Hecker's homestead. Hecker did not attempt to make 11700 Cross Avenue his homestead until the eve of bankruptcy, far too late for a lender to file any liens. Chrysler Financial had no way to know that 11700 Cross Avenue might be exempt property until that time. Compare, e.g., Cargill, 375 N.W.2d at 479 ("Creditors are deemed to extend credit in an awareness that, should an individual debtor default, a homestead is exempt."). Moreover, the evidence shows that another creditor holds first priority mortgages on the property that likely exceed the property's value. Thus, any

5

mortgage Chrysler Financial might have taken on that property would be worthless.

The Bankruptcy Court found that the equities did not weigh in favor of piercing the corporate veil. This Court agrees. Hecker established the LLCs to reap the benefits of tax-favorable status and to shield assets from his wife. The reverse piercing Hecker seeks is an attempt "to raise or lower his corporate shield depending on which position best protects his property." Id. at 480. Minnesota law does not permit an individual to pick and choose when to hide behind a corporate shield. Hecker is not entitled to a homestead exemption for 11700 Cross Avenue.

**CONCLUSION**

For the reasons stated above, the judgment of the Bankruptcy Court is affirmed in all respects. Accordingly, **IT IS HEREBY ORDERED that**:

1. Appellant Dennis E. Hecker's Appeal (Docket No. 1) is **DENIED**; and

2. The Bankruptcy Court's Order of September 25, 2009, is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, January 6, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge